# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CIVIL ACTION |
| DOROTHY CHASE STEWART | NO. 09-3521 |
| | SECTION "C" 4 |

## ORDER AND REASONS

Before the Court is appellant's Motion for Leave to Appeal. (Rec. Doc. 1). Based on the record in this case, the applicable law and appellant's motion, the Court denies the appellant's Motion for Leave to Appeal for the following reasons.

## I. STANDARD OF REVIEW

An appeal from an interlocutory order under 28 U.S.C. § 158(a) may be taken only with the leave of the district court. Unfortunately, the Bankruptcy Code does not contain any standards to govern whether leave should be granted. 10 COLLIER ON BANKRUPTCY ¶ 8003.03 (15th ed. rev. 2007). Thus, the standard of 28 U.S.C. § 1292(b), which governs the appeal of interlocutory orders from district courts to courts of appeals, is borrowed. *Id.* Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

In *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007), the Fifth Circuit stated that "Title 28, § 1292(b) of the United States Code permits a court to certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." In *U.S. v. Garner*, the Fifth Circuit held that "[t]he purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" where the three part test is satisfied. *U.S. v. Garner*, 749 F.2d 281 (5th Cir. 1985). A 1292(b) interlocutory appeal is not justified where "none of the questions [of law] is particularly difficult and most appear to be merely fact-review questions." *Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983.)

## II. ANALYSIS

Wells Fargo appeals the Bankruptcy Court's April 20, 2009 Order denying in part and granting in part Wells Fargo's Motion to Seal. (USBC, EDLA Bankr. Case No. 07-11113, Rec. Doc. 203.) The Bankruptcy Court previously ordered Wells Fargo to audit and amend various pending proofs of claim as part of the Bankruptcy Court's Memorandum Opinion and Judgment in *In re: Stewart*. (Id. at Rec. Doc. 61 and 62.) As part of the audit and amend process, Wells Fargo conducted an initial in-depth audit for 50 loans and was ordered to provide the names and bankruptcy case numbers of the audited loans to the parties, including opposing counsel and the UST. Wells Fargo claims that the Bankruptcy Court exceeded its jurisdiction in the April 20, 2009 Order because the order "impermissibly expands and modifies" the audit and amend portion of the

*Stewart* Judgment, which was on appeal at the time of the order. (Rec. Doc. 1 at 13.) The Court notes that it has since issued an opinion affirming the Bankruptcy Court's *Stewart* Judgment and has denied appellant's motion to stay the audit and amend portion of the judgment.

The issue on appeal is not a "controlling" question of law. An issue is "controlling" if its "incorrect disposition would require reversal of a final judgment." 16 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. 2d § 3930 at 423-424. Appellant summarily lists several implementing actions as part of the audit, which they contend are an impermissible expansion, but fails to note how they present a "controlling question of law" or how these actions might require reversal.

Second, appellant claims that there is "substantial ground for difference of opinion" simply because they disagree with the Bankruptcy Court's decision. But the relevant question is whether there is substantial ground for difference of opinion as to the proper legal standard, demonstrated for example, by a split in judicial decisions addressing issue. *See e.g., State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F.Supp. 849, 852, (E.D.N.C.,1995.) The issue on appeal - whether the certain implementing actions constitute an expansion of the existing *Stewart* Judgment - is primarily a question of fact. As a question of fact, and not law, the appeal is not appropriate for interlocutory review.

Last, appellant asserts, but fails to demonstrate, how this immediate appeal materially advances this litigation. "In determining whether certification will materially advance the ultimate termination of the litigation, the district court considers whether it will eliminate the need for trial, eliminate complex issues, or streamline issues to simplify discovery." *In re Babcock & Wilcox Co.*, 2000 WL 823473, 2 (E.D.La. 2000.) Appellant has not addressed any of these possibilities.

## III.   CONCLUSION

Accordingly,

Appellant's Motion for Leave to Appeal  (Civ. No. 09-3521, Rec. Doc. 1) is DENIED.

New Orleans, Louisiana this 7th day of August, 2009.

                                                    _____
                                                    **HELEN G. BERRIGAN**
                                                    **UNITED STATES DISTRICT JUDGE**